## CIRCUIT COURT OF CHESTERFIELD COUNTY

Bryant

v.

Bryant

September 20, 1989

Case No. Ch. 81-8318

By JUDGE WILLIAM R. SHELTON

On July 26, 1989, the parties were heard on appeal from the Chesterfield Juvenile and Domestic Court's ruling which provided child support in the amount of $50.00 per week and that defendant's visitation shall be in the home of the child. Appellant asserts nonpaternity and requests blood grouping tests. Statements by appellee are the basis of the allegation. Memoranda were requested. Appellant's counsel submitted a memorandum dated August 3, 1989. Counsel for appellee elected not to submit a written response. See letter dated August 31, 1989.

Upon consideration of the evidence heard and argument presented, it is the ruling of the Court that the parties and the child submit to medically reliable genetic blood grouping tests pursuant to § 20-49.3 of the Virginia Code. Appellant shall pay the cost.

Pursuant to § 20-49.2 of the Virginia Code, the Court may determine nonpaternity. That section, in part, provides:

> The circuit courts and the juvenile and domestic relations district courts shall have concurrent original jurisdiction of cases arising under this chapter. The determination of parentage, when raised in any proceeding, shall be governed by this chapter.

Although typically, § 20-49.1 *et seq.* is utilized to determine paternity for purposes of obtaining child support, it would appear unjust not to permit the procedures afforded to defeat a claim of paternity upon obtaining new evidence in that record. Section 20-49.3, in part, provides:

> In trial of any matter in any court in which the question of parentage arises, the court, upon its own motion or upon motion of either party, may and in cases in which child support is in issue, shall direct and order that the alleged parents and the child submit to medically reliable genetic blood grouping tests.

The burden, initially, rests upon the party seeking to establish paternity. However, where parentage has been established, there is no express provision for who has the burden. Section 20-49.4 of the Virginia Code. Once parentage has been established, even implicitly (as in this case), it would stand to reason that defendant should bear the burden to prove and produce evidence to the contrary. Should defendant establish nonpaternity, it would appear that the Court may "alter" the award under Section 20-108 of the Virginia Code.